UNITED STATES DISTRICT COURT          SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| James Bowling, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-10-4651 |
| | § | |
| Michael Astrue, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.    *Introduction.*

The question is whether substantial evidence supports the commissioner's decision that James Bowling is no longer disabled under the Social Security Act.  It does.

2.    *Standard of Review.*

Bowling brought this action for judicial review of the commissioner's final decision to deny him disability insurance benefits.[1]

Judicial review is limited to determining whether there is substantial evidence to support the commissioner's decision.  This is a level of proof that a reasonable mind would accept as adequate to support a conclusion.[2]  A decision unsupported by substantial evidence must be overturned.  It would be arbitrary, failing the requirement that governmental process be regular.[3]

---

[1]*See* 42 U.S.C. §§ 205(g), 405(g) (2005).

[2]*Richardson v. Perales*, 402 U.S. 389, 401 (1971).

[3] U.S. Const. amend. V (1791).

3.      *Statutory Criteria.*

The law has an eight-step evaluation process to determine whether a claimant is no longer disabled.

- Does a claimant's impairment meet one listed in appendix 1 of the regulation?
- Has the severity of the claimant's impairments improved?
- Has the claimant's ability to work improved?
- Does an exception apply to allow continued benefits?
- Is the claimant severely impaired?
- Can the claimant work for substantial gain?
- Can the claimant perform past work?
- Can the claimant perform any other work?[4]

4.      *Evidence.*

A. *Background.*

Bowling is a 23 year-old man who says that he is disabled by bi-polar, schizoaffective depression, hypertension, diabetes, and a heart murmor. A doctor says that Bowling has poor interpersonal skills and responds to stress with aggression.

Bowling's mother applied for his childhood disability when he was thirteen years old. An officer determined that he was disabled, and Bowling received benefits from April 1, 2000, through January 31, 2005. By that time Bowling was eighteen, his impairments had improved, and a state agency had determined that he was no longer disabled.

B. *Improvement.*

The hearing officer properly found that Bowling was no longer disabled. The process was correctly followed.

First, none of Bowling's impairments met one listed. Second, Bowling's impairments had improved. Although he had  cardiovascular problems, he took medicine for his diabetes and mental illness. He had no recorded anxiety, aggression or psychosis from 2003 through 2004. Bowling had difficulty in social, occupational, and school settings, but he generally

---

[4]20 C.F.R. § 416.994(b) (2003).

functioned well. By October of 2004, he denied hallucinations and suicidal ideation and admitted that medicine had improved his mood swings.

Third, Bowling's ability to work had improved. By 2005, Bowling had graduated with a regular high school diploma. He had passed most of his classes, had friends at school, and had no behavioral or academic problems. By 2007, a psychologist determined that Bowling was only mildly limited in his daily activities. He cared for his hygiene, managed his money, made simple meals, and did household chores. Although he was withdrawn, complained of suicidal ideation, had severe obsessive rituals, and did not have a job, Bowling had a normal IQ score, had no delusions or perceptual abnormalities, and reported only vague claims of depression, auditory hallucinations, and suicidal ideation.

Fourth, an exception did not apply to allow continued benefits. Fifth, the officer determined that Bowling was not severely impaired. Bowling's complaints were inconsistent with the medical records and his own behavior. He said that he had severe symptoms from 2006 through 2008, but he sought treatment infrequently. Although his condition worsened after the death of his mother in February of 2008, his impairments had improved to mild and moderate within a few months. After he checked himself into a hospital for suicidal ideation in 2009, he later denied suicidal thoughts. This is compelling evidence of a malingerer.

There was enough evidence for the officer to conclude that Bowling's impairments had improved from 2001 to 2005. Because his impairments were reasonably controlled by medication and treatment, the officer concluded that Bowling was no longer disabled.

C. *Ability to Work.*

The officer determined that Bowling could work as part of the national economy. Bowling could lift, carry, push, and pull weight. He could climb, run, bend, stoop, crouch, crawl, balance, twist, and squat. Bowling got along with others and understood simple instructions. He could concentrate, do simple tasks, and adapt to change at a job with minimal contact with the public.

Although Bowling had no relevant work experience, the officer found that he could work a number of jobs, including janitor, commercial cleaner, kitchen helper, and porter in a used car lot. There was enough evidence from Bowling and his doctors to show that despite some limitations, he was capable of working to earn an income.

5.    Conclusion.

The commissioner's decision denying James Bowling's claim for disability insurance is supported by substantial evidence and will be affirmed. James Bowling will take nothing from Michael J. Astrue.

Signed on February ⎯⎯⎯⎯ 7 ⎯⎯⎯⎯, 2012, at Houston, Texas.

⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
Lynn N. Hughes
United States District Judge